IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ACER INC. and
ACER AMERICA CORPORATION,

                Plaintiffs,

v.

HEWLETT-PACKARD COMPANY,

                Defendant.

ORDER

07-cv-620-bbc

---

On March 31, 2008, this court held a telephonic hearing on plaintiff Acer Inc.'s motion to compel discovery (dkt. 63). Both sides were represented by counsel. The most accurate way to characterize the result is that I essentially denied the motion as moot but put the court's imprimatur on the parties' fragile agreement.

In consultation with both sides, I found that the parties had resolved most of the disputes raised in the motion and subsequent correspondence. I adopted the April 11th and April 30th deadlines to which the parties appeared to have agreed in the March 28, 2008 letter from plaintiff's attorneys to defendant's attorneys (Exh. 18 to dkt. 72). I accepted the parties' agreement to allow amendments to the pleadings until May 30, 2008 but *only* to identify accused products, and with the understanding that any amendments shall not alter the court's schedule on claim construction. Any other attempt to amend the pleadings after April 11, 2008–even if only to name Hewlett-Packard subsidiaries as new parties–would require leave of court, even if both sides were to stipulate to such an amendment. The court shall act as gatekeeper on all pleadings after April 11 to ensure that this case remains on schedule.

This segued to my observation to the parties that when asked to rule on a discovery dispute in a sprawling patent suit with tight deadlines and large litigation budgets, this court favors disclosure. *Ceteris paribus*, it is preferable to exchange information that ultimately is unneeded rather than withhold information only to find out later than the failure to disclose has

jeopardized deadlines for substantive events. That said, the court rules on each situation based on the circumstances actually presented.

Neither side asked for cost shifting, so pursuant to Rule 37(a)(5)(A)(iii), I will let this one go. The parties should expect cost shifting on future discovery motions. The parties had no other matters to bring to the court's attention.

Entered this 31st day of March, 2008.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge