IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ACER INC. and
ACER AMERICA CORPORATION,

OPINION AND ORDER

Plaintiffs,

Case No. 07-cv-620-bbc

v.

HEWLETT-PACKARD COMPANY,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiffs Acer, Inc. and Acer America Corporation brought this patent infringement action against defendant Hewlett-Packard Company, alleging that defendant's products infringe several of plaintiffs' patents, including United States Patent No. 5,101,478. Defendant moves for partial summary judgment, asserting that it has a valid worldwide license for the '478 patent and therefore cannot be liable for infringement. Plaintiff does not deny the existence or validity of the license, but argues that properly interpreted it does not include the right to *import* products incorporating the patented technology. Because I find plaintiffs' proffered interpretation of the license agreement absurd, defendant's motion for partial summary judgment must be granted. The relevant facts are undisputed.

1

FACTS

In 1984 defendant and Wang Laboratories, Inc., the original assignee of the '478 patent, entered into a cross-license agreement in which each licensed certain patents to the other for worldwide use.  The preamble to the agreement provided:

> WHEREAS HP and WANG are each willing to grant the other a nonexclusive, worldwide license under the patents owned in the fields of data processing and data communication wherein "data" includes digital, text, voice and image information;

Wang granted defendant the following rights in its patents, including the '478 patent :

> "an irrevocable, nonexclusive, nontransferable, worldwide, royalty-free license to make, have made, use, lease and sell data processing and communications products and services, wherein "data" includes digital, text, voice and image information (including without limitation calculators, computers, peripherals, terminals, PBXs, modems, word processing equipment, communication networks and components for all of the preceding) under Wang's patents.

OPINION

Defendant initially opposes the motion based on plaintiff's failure to propose findings of fact in accordance with court rules.  Because the only relevant facts are the existence and terms of the license agreement and those facts are undisputed, the argument amounts to a needless elevation of form over substance.  Plaintiffs' only substantive defense to the motion for summary judgment is that the  license does not include the right to *import* products that incorporate the patented invention.  The issue presented is a matter of construing the license

2

agreement, an issue of law appropriately resolved on summary judgment. Certain Underwriters at Lloyd's London v. Argonaut Ins. Co., 500 F.3d 571, 575 (7th Cir. 2007). Plaintiffs suggest that either Massachusetts or California law may apply. However, because there is no outcome determinative conflict between the laws of those states, there is no reason to conduct a detailed conflict of laws analysis. Lichter v. Fritsch, 77 Wis. 2d 178, 182, 252 N.W.2d 360, 362 (1977).

Both states enforce contracts in accordance with commercial reasonableness and the intentions of the parties as evidenced by the language of the agreement. Kingstown Corp. v. Black Cat Cranberry Corp., 839 N.E.2d 333, 336 (Mass. App. 2005) (contracts construed as rational business instrument to effectuate intent of parties); El Escorial Owners' Ass'n v. DLC Plastering, Inc., 65 Cal. Rptr. 3d 524, 542 (Cal. App.2 Dist. 2007). (contracts interpreted to determine the intent of the parties, using standard of "what a reasonable person would believe" parties intended). Applying this standard to the licensing agreement, defendant is entitled to import its products and, entitled as well to summary judgment dismissing the claim for infringement of the '478 patent.

The breadth of the license's grant language leaves no doubt that its meaning and intent was to license defendant to make full use of the patent throughout the world, including the right to have products manufactured in one country and to sell them in another. This is fully consistent with the context of the agreement set forth in the preamble,

which expresses the intent to mutually benefit by cross licensing patents for use throughout the world.

Plaintiffs' interpretation requires the conclusion that Wang intended to convey to defendant the right to make the invention anywhere in the world, have it made anywhere in the world and sell it anywhere in the world, but that it did not intend to convey the right to import the product from the place it is made to the place it is sold. Such a grant would no doubt be legally possible but it is implausible at best that the parties intended such a peculiar result. Plaintiffs interpretation is contrary to common sense and entirely unreasonable.

I find that the license agreement entitles defendant to full use of the '478 patent, including the right to export its products from the country of manufacture to countries throughout the world for sale. Accordingly, plaintiffs have no claim for infringement of the '478 patent based on defendant's importation of patented products.

ORDER

IT IS ORDERED that defendant's motion for summary judgment dismissing plaintiffs' claim for infringement of United States Patent No. 5,101,478 is GRANTED.

Entered this 9th day of April, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4