**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

DOC NO
RECEIVED/FILED
APR 10  PH 3: 53

THERESA M. OWENS
CLERK US DIST COURT
WD OF WI

| | |
|---|---|
| ACER INC., and ACER AMERICA CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> HEWLETT-PACKARD COMPANY, <br><br> Defendant. | Civil Action No. 07 C 0620 C |

---

**LETTER ROGATORY REQUESTING JUDICIAL**
**ASSISTANCE TO OBTAIN DOCUMENTARY EVIDENCE FROM BESTEC POWER**
**ELECTRONICS CO., LTD.**

---

| 1. | Sender | Honorable Stephen L. Crocker |
|---|---|---|
| | | Magistrate Judge |
| | | United States District Court |
| | | for the Western District of Wisconsin |
| | | 120 North Henry Street |
| | | P.O. 432 |
| | | Madison, WI  53701-0432 |
| | | U.S.A. |
| | | Telephone Number: (608) 264-5156 |
| 2. | Appropriate Judicial | AIT/TAIPEI |
| | Authority of Taiwan: | *via* Office of America Citizens Services, |
| | | East Asia and Pacific Division |
| | | Attention: Linda McFadyen |

1

Department of State,

2100 Pennsylvania Avenue, NW, 4th Floor

Washington, D.C.  20037

3.   Person to whom      Honorable Stephen L. Crocker

the executed      Magistrate Judge

request is to be      United States District Court

returned      for the Western District of Wisconsin

120 North Henry Street

P.O. 432

Madison, WI  53701-0432

U.S.A.

4.      The United States District Court for the Western District of Wisconsin, 120 North

Henry Street P.O. 432 Madison, WI  53701-0432, U.S.A., the Honorable Stephen L. Crocker

("the Requesting Authority") presents its compliments to the appropriate judicial authority of

Taiwan, and requests judicial assistance to obtain evidence to be used in a civil proceeding

before this Court in the above-captioned matter.  This Court requests the assistance described

herein as necessary in the interest of justice.  In anticipation of trial, which is set for October 27,

2008, the parties currently are collecting evidence regarding the issues raised by their allegations

and defenses.

5.      Names and addresses of the parties and their representatives:

a.   **Plaintiffs**      **Acer Incorporated**

8F, 88, Sec. 1, Hsin Tai Wu Rd.

Hsichih, Taipei, Hsien 221

Taiwan

13148077.1

**Acer America Corporation**

333 West San Carlos Street, Suite 1500

San Jose, CA 95110

U.S.A.

Plaintiffs' U.S. Representative:

**Axley Brynelson, LLP**

2 East Mifflin Street

Madison, WI 53703

U.S.A.

**Dechert LLP**

300 W. 6th Street, Suite 1850

Austin, TX 78701

U.S.A.

**Dechert LLP**

2440 W. El Camino Real, Suite 700

Mountain View, CA 94040-1499

U.S.A.

b.      **Defendant**      **Hewlett-Packard Company**

3000 Hanover Street

Palo Alto, California  94304

U.S.A.

3

<u>Defendant's U.S. Representative</u>:

**Godfrey & Kahn, S.C.**

One East Main Street, Suite 500

P.O. Box 2719

Madison, WI 53701-2719

U.S.A.

**DLA Piper Rudnick Gray Cary US LLP**

401 B Street, Suite 1700

San Diego, California  92101

U.S.A.

6.      Nature and purpose of the proceedings and summary of the facts:

A civil lawsuit is pending in the United States District Court for the Western District of

Wisconsin (Case No. 07 C 0620 C).  Proceedings were initiated by the Plaintiffs Acer, Inc. and

Acer America Corporation ("AAC") against Defendant Hewlett-Packard Company ("HP") on

October 30, 2007, pursuant to the Patent Laws of the United States, 35 U.S.C. § 1 et seq.  A trial

on this matter is scheduled for October 27, 2008, in Madison, Wisconsin, U.S.A.

Plaintiffs alleged that Defendant infringes five Unites States patents, two of which are

assigned to Plaintiff Acer, Inc., and three of which are assigned to Plaintiff AAC.  Among the

asserted patents are United States Patent Nos. 5,903,765, 5,870,613 and 5,410,713 (collectively

the "Power Management Patents") which relate to power management systems for computers

and are assigned to AAC.

Specifically, Plaintiffs allege that Defendant has infringed and continues to infringe the

Power Management Patents by making, using, offering to sell and/or selling (directly or though

13148077.1

intermediaries) in the United States and/or importing into the United States computer products that embody the inventions disclosed and claimed in the Power Management Patents. Plaintiffs also contend that Defendant has contributed to the infringement of the Power Management Patents, and/or actively induced others to infringe the Power Management Patents.

Plaintiffs assert that Bestec Power Electronics Co., Ltd., a corporation incorporated and existing under the laws of Taiwan, has evidence that will support their claims. Specifically, Plaintiffs assert that Defendant's use of power supplies that comply with the ATX Specification and otherwise supply power to a computer in response to interrupts from external devices as recited in the claims infringes the Power Management Patents, and that certain such power supplies were manufactured and/or supplied by Bestec Power Supply Co., Ltd.

The Requesting Court needs to obtain evidence from Bestec Power Electronics Co., Ltd. regarding Plaintiff's allegations discussed above to determine whether Defendant infringes or continues to infringe the Power Management Patents.

7.      Evidence to be obtained:

It is requested that Bestec Power Electronics Co., Ltd. be ordered to produce documents regarding the power supplies manufactured by and/or supplied by Bestec Power Electronics Co., Ltd. to HP from January 1, 2007 to the present.

| Identity and address | **Bestec Power Supply Co., Ltd.** |
| of the person from whom | 10F., No.10, Lane 609, Sec. 5 Chung-Hsin Road |
| Documents are requested: | San Chung City, Taipei Hsien 241 |
| | Taiwan |

13148077.1

Telephone: +886-2-299-90133

Documents to be produced

by Bestec Power Supply          Please see attached list (Annex 1)

Co., Ltd.

8.      Special methods or procedure to be followed:

The Requesting Authority asks that Bestec Power Electronics Co., Ltd. be ordered to

produce the documents for inspection and copying identified in Annex 1 within a reasonable

period, and be instructed of the consequences of failure to comply with the appropriate judicial

authority of Taiwan's orders concerning this Letter Rogatory.

In addition, the Requesting Authority asks that:  (1) the Plaintiffs' and Defendant's

American counsel be permitted to participate in any proceedings before the Taiwanese court

concerning this Letter Rogatory; or (2) if this is not possible, that Plaintiffs' and Defendant's

local Taiwanese counsel be permitted to participate in the proceedings concerning this Letter

Rogatory.

The parties to the United States lawsuit have agreed, and this Court has ordered, that any

confidential material produced or disclosed by the parties or any third parties may be designated

as such and will be kept confidential according to the terms of the Stipulation and Protective

Order, as entered and as modified by this Court on February 19, 2008 (the "Protective Order")

attached as Annex 2.  Confidential information produced or disclosed by the parties or any third

parties may be used only for purposes of this lawsuit, not for any business activity or other

purposes.  Violation of such a court order is punishable by a finding of contempt.  Thus, the

Court assures the appropriate judicial authority of Taiwan that any confidential documents or

13148077.1

information disclosed by Bestec Power Electronics Co., Ltd. will be handled carefully, as described above and in Annex 2.

9.      Request for notification of the time and place for the execution of this Letter Rogatory
        and identity and address of any person to be notified:

Please notify the following persons when and where the examination is to be conducted:

        a.      Plaintiffs' representative:  Jonathan D. Baker, Dechert LLP, 2440 W. El Camino

Real, Suite 700, Mountain View, California, USA, phone number +1 650-813-4800, fax number

+1 650-813-4848.

        b.      Defendant's representative:  Richard T. Mulloy, DLA Piper Rudnick Gray Cary

        US LLP, 401 B Street, Suite 1700, San Diego, California 92101, USA, phone number +1

        619-699-2700, fax number +1 619-699-2701.

10.     Specification of privilege or duty to refuse to give evidence under the law of the State of
        origin:

        Bestec Power Electronics Co., Ltd. may refuse to produce documents propounded

pursuant to Section 7 or Section 8 above if such documents (1) would subject it (or its members)

to a real and appreciable danger of criminal liability in the United States or Taiwan, or (2) would

disclose a confidential communication between Bestec Power Electronics Co., Ltd. and its

attorneys.

11.     All fees, expenses and costs incurred by the appropriate judicial authority of Taiwan in
        executing this Letter Rogatory will be paid by:

                        Acer Incorporated and Acer America Corporation
                        c/o Dechert LLP
                        2440 W. El Camino Real, Suite 700
                        Mountain View, CA  94040-1499
                        U.S.A.

13148077.1

Attention:  Jonathan D. Baker, Esq.

12.    The Requesting Authority appreciates the assistance of the appropriate judicial authority of Taiwan in this matter and is willing to provide similar assistance to judicial authorities of Taiwan.

13.    Date of Request:        <u>       APR **1 4** 2008       </u>

14.    Signature and seal of the Requesting Authority:

<u>                            </u>

Honorable Stephen L. Crocker
United States Magistrate Judge

13148077.1

Respectfully submitted,

DECHERT LLP
Jonathan D. Baker
Valerie M. Wagner
2440 W. El Camino Real, Suite 700
Mountain View, CA 94040-1499
Tel. (650) 813-4800

Bryan Farney
300 W. 6th Street, Suite 1850
Austin, TX 78701
Tel. (512) 394-3000

Michael J. Modl
Andrew J. Clarkowski
Axley Brynelson, LLP
2 East Mifflin Street
Madison, WI 53703
Tel. (608) 257-5661

Attorneys for Plaintiffs
ACER INC. and ACER AMERICA
CORPORATION

By: _____
Michael J. Modl

Date: _____

13148077.1

# ANNEX 1

## Instructions

1.      When producing documents, please indicate the particular Request to which each document (or group of documents) is responsive.

2.      Please provide electronic records and computerized information, including but not limited to Verilog code, VHDL code, and firmware, in an intelligible format together with a description of the system from which it was created or derived sufficient to permit rendering of the materials intelligible.

3.      In producing documents, please furnish all documents known or available to Bestec Power Electronics Co., Ltd. regardless of whether such documents are directly in Bestec Power Supply Co., Ltd.'s possession.

4.      Please produce file folders with tabs or labels identifying documents called for by these Requests must be produced intact with such documents.

5.      In accordance with paragraphs 2 (as modified by court order), 3, and 28 of the Stipulated Protective Order for the above-captioned case, Bestec Power Electronics Co., Ltd. may designate any production documents or materials as "CONFIDENTIAL INFORMATION" and/or "OUTSIDE COUNSEL'S EYES ONLY" and the designated materials will be treated accordingly.  The Stipulated Protective Order and modification thereto are attached as Annex 2 hereto.

## Documents to Be Produced

1.      Please produce copies of schematics for, or other documents sufficient to show the internal components and configuration of the Bestec ATX-1956D.

13148077.1

2.      Please produce copies of schematics for, or other documents sufficient to show the internal components and configuration of the Bestec FLX-250F1-L.

3.      Please produce copies of schematics for, or other documents sufficient to show the internal components and configuration of the Bestec ATX-350S-H.

4.      Please produce copies of schematics for, or other documents sufficient to show the internal components and configuration of the Bestec ATX-153.

5.      Please produce copies of schematics for, or other documents sufficient to show the internal components and configuration of the Bestec ATX-400W.

6.      Please produce copies of schematics for, or other documents sufficient to show the internal components and configuration of the Bestec ATX-300-12Z.

7.      Please produce copies of schematics for, or other documents sufficient to show the internal components and configuration of the Bestec ATX-250-12Z.

8.      Please produce copies of schematics for, or other documents sufficient to show the internal components and configuration of the Bestec ATX-250-12ZD.

9.      Please produce copies of schematics for, or other documents sufficient to show the internal components and configuration of the Bestec ATX-1951-D.

10.     Please produce copies of schematics for, or other documents sufficient to show the internal components and configuration of the Bestec ATX-100-5.

11.     Please produce copies of schematics for, or other documents sufficient to show the internal components and configuration of the Bestec ATX-1523F.

12.     Please produce copies of schematics for, or other documents sufficient to show the internal components and configuration of the Bestec ATX-1523-D.

13148077.1

13.     Please produce copies of schematics for, or other documents sufficient to show the internal components and configuration of the Bestec ATX-1956-F.

14.     Please produce copies of datasheets, engineering specifications, and other guides or manuals that describe the components or operation of the Bestec ATX-1956D.

15.     Please produce copies of datasheets, engineering specifications, and other guides or manuals that describe the components or operation of the Bestec FLX-250F1-L.

16.     Please produce copies of datasheets, engineering specifications, and other guides or manuals that describe the components or operation of the Bestec ATX-350S-H.

17.     Please produce copies of datasheets, engineering specifications, and other guides or manuals that describe the components or operation of the Bestec ATX-153.

18.     Please produce copies of datasheets, engineering specifications, and other guides or manuals that describe the components or operation of the Bestec ATX-400W.

19.     Please produce copies of datasheets, engineering specifications, and other guides or manuals that describe the components or operation of the Bestec ATX-300-12Z.

20.     Please produce copies of datasheets, engineering specifications, and other guides or manuals that describe the components or operation of the Bestec ATX-250-12Z.

21.     Please produce copies of datasheets, engineering specifications, and other guides or manuals that describe the components or operation of the Bestec ATX-250-12ZD.

22.     Please produce copies of datasheets, engineering specifications, and other guides or manuals that describe the components or operation of the Bestec ATX-1951-D.

23.     Please produce copies of datasheets, engineering specifications, and other guides or manuals that describe the components or operation of the Bestec ATX-100-5.

24.     Please produce copies of datasheets, engineering specifications, and other guides or manuals that describe the components or operation of the Bestec ATX-1523-F.

25.     Please produce copies of datasheets, engineering specifications, and other guides or manuals that describe the components or operation of the Bestec ATX-1523-D.

26.     Please produce copies of datasheets, engineering specifications, and other guides or manuals that describe the components or operation of the Bestec ATX-1956-F.

27.     For each make and model of power supply sold by Bestec Power Electronics Co., Ltd. directly or indirectly to HP since January 1, 2007 that is not identified in any prior document request herein, please produce copies of schematics for, or other documents sufficient to show the internal components and configuration of the power supply.

28.     For each make and model of power supply sold by Bestec Power Electronics Co., Ltd. directly or indirectly to HP since January 1, 2007 that is not identified in any prior document request herein, please produce copies of datasheets, engineering specifications, and other guides or manuals that describe the components or operation of the power supply.

13148077.1

## ANNEX 2

**[Protective Order and Modification to Protective Order**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ACER INC. and
ACER AMERICA CORPORATION,

                         Plaintiffs,                         ORDER

          v.                                            3:07-cv-00620-bbc

HEWLETT-PACKARD COMPANY,

                         Defendant.

---

The parties have submitted a stipulated protective order for entry by the court. The court accepts and enters the order with one material change: the law of this circuit requires that the definition of "confidential information" be objective, not subjective. *See Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943, 944-45 (7th Cir. 1999). Therefore, ¶ 2 on page two of the proposed order is edited to read:

> "CONFIDENTIAL INFORMATION" shall mean all information or material, and any copies thereof, produced for or disclosed to a receiving party by a producing party–including any party to this action and any non-party producing information voluntarily or pursuant to a subpoena or a court order--that constitutes or contains trade secrets or other confidential research, development, technical, financial, or commercial information, whether embodied in physical objects, documents, or the factual knowledge of person, and that has been so designated by the producing party.

With this modification, it is ORDERED that the stipulated protective order is ACCEPTED and ENTERED in this case.

Entered this 19th day of February, 2008.

                         BY THE COURT:

                         /s/

                         STEPHEN L. CROCKER
                         Magistrate Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

ACER INC., and ACER AMERICA
CORPORATION,

Plaintiffs,

v.

HEWLETT-PACKARD COMPANY,

Defendant.

Civil Action No.: 07 C 0620 C

## STIPULATION AND PROTECTIVE ORDER

To expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), the parties to this action hereby stipulate and agree, and it is hereby ORDERED that:

### PROTECTED INFORMATION SUBJECT TO THIS ORDER

1.      For purposes of this Order, "PROTECTED INFORMATION" is any information designated, in proper accordance with this Order, as CONFIDENTIAL INFORMATION and/or OUTSIDE COUNSEL'S EYES ONLY. Any PROTECTED INFORMATION obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of preparation and litigation of this matter.

13037389.5

2.      "CONFIDENTIAL INFORMATION" shall mean all information or
material, and any copies thereof, that is produced for or disclosed to a receiving party,
that a producing party, including any party to this action and any non-party producing
information or material voluntarily or pursuant to a subpoena or a court order, considers
to constitute or to contain trade secrets or other confidential research, development,
technical, financial, or commercial information, whether embodied in physical objects,
documents, or the factual knowledge of persons; and that has been so designated by the
producing party.

3.      CONFIDENTIAL INFORMATION may also be designated "OUTSIDE
COUNSEL'S EYES ONLY."  The OUTSIDE COUNSEL'S EYES ONLY designation is
reserved for CONFIDENTIAL INFORMATION that constitutes proprietary financial or
technical data or commercially sensitive competitive information, including, but not
limited to, CONFIDENTIAL INFORMATION obtained from a nonparty pursuant to a
Nondisclosure Agreement ("NDA"), CONFIDENTIAL INFORMATION relating to
future products not yet commercially released, strategic plans, and settlement agreements
or settlement communications, the disclosure of which is likely to cause harm to the
competitive position of the producing party.  Source code listings (and descriptions of
their operation), object code listings (and descriptions of their operation), and integrated
circuit diagrams are deemed to be OUTSIDE COUNSEL'S EYES ONLY, unless
otherwise agreed by the producing party.  Documents designated OUTSIDE
COUNSEL'S EYES ONLY and information contained therein shall be available only to
outside counsel for the parties, technical advisers and experts who are assisting outside
counsel, data processing vendors, and graphics and trial consultants, under the terms

13037389.5

outlined for these groups of persons herein.

    4.    The following information is not PROTECTED INFORMATION:

    a.    any information that at the time of disclosure to a receiving party is in the public domain;

    b.    any information that, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order;

    c.    any information that the receiving party can show by dated written records was already known to it prior to the disclosure;

    d.    any information that the receiving party can show by written records was received by it after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; and

    e.    any information which the receiving party can show by dated written records was independently developed by it after the time of disclosure by personnel who have not had access to the producing party's PROTECTED INFORMATION.

13037389.5

## DESIGNATION OF PROTECTED INFORMATION

5.      Any document or tangible thing containing or including any PROTECTED INFORMATION may be designated as such by the producing party by marking it as CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL'S EYES ONLY prior to or at the time copies are furnished to the receiving party.

6.      At the request of any party, the original and all copies of any deposition transcript, in whole or in part, may be designated as CONFIDENTIAL INFORMATION and/or OUTSIDE COUNSEL'S EYES ONLY in the following manner:

   a.      At any time during the deposition and at the request of any party, the deposition transcript or a portion thereof shall be marked by the reporter with the appropriate PROTECTED INFORMATION designation.  Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

   b.      Any party may designate a deposition transcript or a portion thereof with the appropriate PROTECTED INFORMATION designation within 21 days after first receiving a formal copy of the same transcript from the deposition service by informing all other parties in writing.

   c.      All parties shall treat an entire deposition transcript as designated OUTSIDE COUNSEL'S EYES ONLY for 21 days after first receiving a copy of said transcript.

7.      All PROTECTED INFORMATION not reduced to documentary, tangible or physical form or that cannot be conveniently designated as set forth in Paragraph 5, shall be designated by the producing party by informing the receiving party of the designation in writing.

13037389.5

8.      Any documents (including physical objects) made available for initial inspection by counsel for the receiving party prior to producing copies of selected items shall initially be considered, as a whole, to constitute OUTSIDE COUNSEL'S EYES ONLY material and shall be subject to this Order.  Thereafter, the producing party shall have a reasonable time to review and designate the appropriate documents with the appropriate PROTECTED INFORMATION designation prior to furnishing copies to the receiving party.

## INADVERTENTLY PRODUCED DOCUMENTS
## NO WAIVER OF PRIVILEGE

9.      Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege, work product immunity, or any other applicable privilege if, as soon as reasonably possible after the producing party becomes aware of any inadvertent or unintentional disclosure, the producing party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege and requests return of those documents to the producing party.  Upon request by the producing party, the receiving party immediately shall return all copies of such inadvertently produced documents, and shall not use any information in the returned materials for any purpose.  Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege, work product immunity or other applicable privilege designation by submitting a written challenge to the Court, after returning all copies of the inadvertently-produced documents.  The party returning such inadvertently produced documents shall not assert as a ground for entering an order compelling production of the inadvertently produced documents the fact or circumstances of the inadvertent production.

13037389.5

## DISCOVERY RULES REMAIN UNCHANGED

10.     Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure or the United States District Court for the Western District of Wisconsin.

## PERSONS AUTHORIZED TO RECEIVE PROTECTED INFORMATION

### Counsel

11.     Counsel for a receiving party shall have access to the producing party's PROTECTED INFORMATION, subject to any OUTSIDE COUNSEL'S EYES ONLY designations.  The term "counsel" for CONFIDENTIAL INFORMATION shall mean attorneys for the parties working on this litigation, including both outside and in-house counsel, and including supporting clerical personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters. Further, "counsel" for CONFIDENTIAL INFORMATION is deemed to include in-house personnel working in a party's legal or Intellectual Property department, who has primary responsibility for the litigation on behalf of the party.  For information designated OUTSIDE COUNSEL'S EYES ONLY, the term "counsel" shall exclude in-house counsel and any other in-house personnel, and shall mean only outside counsel and supporting clerical personnel employed by the attorneys of outside counsel, such as paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters.

13037389.5

12.     Any person who receives CONFIDENTIAL INFORMATION designated
OUTSIDE COUNSEL EYES ONLY or copies, extracts, compilations or summaries
thereof shall not be directly responsible for, or actively involved with, the drafting of
patent applications or claim language for patent applications, or arguments in support of
patent applications, for any party to this case or Affiliates in the fields of the subject
matter of the patents in suit in this action, including but not limited to computer systems,
I/O subsystems, power management, electrostatic discharge circuitry, video interface
circuitry, login passwords, and track pad pointing devices (collectively, the "Specified
Fields") during this action and for a period of one (1) year after the conclusion of this
action, including without limitation any appeals thereof.  Additionally, any person who
receives CONFIDENTIAL INFORMATION designated OUTSIDE COUNSEL EYES
ONLY or copies, extracts, compilations or summaries thereof shall not be directly
responsible for or actively involved in reexamination or reissue proceedings on behalf of
the patentee, or arguments in support thereof on behalf of the patentee, for any party to
this case or Affiliates in the fields of the subject matter of the patents in suit in this action,
including but not limited to the Specified Fields, during this action and for a period of
one (1) year after the conclusion of this action, including without limitation any appeals
thereof.  For the purpose of this paragraph, the term "Affiliates" of a party shall mean an
entity directly or indirectly controlling, controlled by, or under common control with that
party where control means the ownership or control, directly or indirectly, of more than
fifty percent (50%) of all voting power of the shares (or other securities or rights) entitled
to vote for the election of directors or other governing authority.

13037389.5

**Technical Advisers**

13.     PROTECTED INFORMATION of a producing party may be furnished and disclosed to technical advisers, subject to the requirements of this Order.  The term "technical adviser" means any person (and supporting personnel) including but not limited to a proposed expert witness, consulting expert, or other consultant with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof.  Notwithstanding any other provision in this Order, a receiving party shall not disclose PROTECTED INFORMATION to a technical advisor, even if that person is entitled to receive PROTECTED INFORMATION under another provision of this Order, until the receiving party has complied with the requirements of Paragraphs 14 and 15.

14.     Should a receiving party find it necessary for maintaining, defending or evaluating this litigation to disclose a producing party's PROTECTED INFORMATION to a technical adviser, the receiving party shall first give written notice to the producing party, who shall have seven (7) calendar days after such notice is given either by hand delivery or by compliance with any service agreement entered into by the parties (plus three (3) calendar days if notice is given by any other means) to object in writing.  The party desiring to disclose the producing party's PROTECTED INFORMATION to a technical adviser shall provide the curriculum vitae of the technical adviser and shall include the following information about the technical adviser in the written notice:

    a.     business address;

    b.     business title;

    c.     business or profession;

8

13037389.5

d.      any previous or current relationship (personal or professional) with any of the parties; and

e.      a listing of other cases in which the technical adviser has testified (at trial or deposition), and all companies with which the technical adviser has consulted or by which the technical adviser has been employed, within the last four years.

f.      a copy of the Confidentiality Agreement appended hereto as Attachment A signed by such technical advisor.

15.      No PROTECTED INFORMATION of the producing party shall be disclosed to the technical adviser until after expiration of the foregoing notice period.  If, however, during the notice period the producing party serves a written objection upon the receiving party desiring to disclose PROTECTED INFORMATION to the technical adviser, there shall be no disclosure of PROTECTED INFORMATION to the technical advisor pending resolution of the objection.  The producing party objecting to disclosure of PROTECTED INFORMATION to the technical advisor shall explain the basis of its objection in writing.  Consent to the disclosure of PROTECTED INFORMATION to the technical adviser shall not be unreasonably withheld.  If a producing party objects to the disclosure of PROTECTED INFORMATION to a technical adviser, the receiving party shall then have seven (7) calendar days after such objection is served either by hand delivery or by compliance with any service agreement entered into by the parties (plus three (3) calendar days if such objection is served by any other means) to respond to the objection.  The producing party shall then have seven (7) calendar days after such response is served either by hand delivery or by compliance with any service agreement entered into by the parties (plus three (3) calendar days if such response is served by any

13037389.5

other means) to file an objection with the court and seek disqualification of the technical advisor or other appropriate relief, if the parties cannot come to an agreement. If the producing party fails to file an objection within this seven (7) day period, then any objection to the technical adviser is waived, and any PROTECTED INFORMATION may thereafter be disclosed to the technical adviser. No document designated by a producing party as PROTECTED INFORMATION shall be disclosed by a receiving party to a technical adviser until after the technical adviser has signed the Confidentiality Agreement appended hereto as Attachment A stating that he or she has read and understands this Order and agrees to be bound by its terms.

### Data Processing Vendors; Graphics/Trial Consultants

16.     PROTECTED INFORMATION of a producing party may be furnished and disclosed, subject to the provisions of this Order, to data processing vendors; graphics or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action; or non-technical jury or trial consulting services, including mock jurors, retained by counsel. The term "data processing vendor" means any person (and supporting personnel) who is a member or staff of an outside data entry or data processing entity employed or retained by a receiving party or its counsel and who is assisting in the development or use of data retrieval systems in connection with this action.

17.     Should counsel for a receiving party find it necessary for maintaining, defending or evaluating this litigation to disclose a producing party's PROTECTED INFORMATION to any of the persons or services described in Paragraph 15, counsel for the receiving party shall first obtain from that person or a person on behalf of that service

13037389.5

a Confidentiality Agreement, in the form attached hereto as Attachment A stating that the

person has read and understands this Order and agrees to be bound by its terms.  Such

written agreement shall be retained by counsel for the receiving party, but need not be

disclosed to the producing party.

### CHALLENGES TO PROTECTED INFORMATION DESIGNATIONS

18.     The parties will use reasonable care when designating documents or

information as PROTECTED INFORMATION.  Nothing in this Order shall prevent a

receiving party from contending that any or all documents or information designated as

PROTECTED INFORMATION have been improperly designated.  A receiving party

may at any time request that the producing party cancel or modify the PROTECTED

INFORMATION designation with respect to any document or information contained

therein.

19.     A party shall not be obligated to challenge the propriety of a

PROTECTED INFORMATION designation at the time made, and a failure to do so shall

not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be

served on counsel for the producing party, and shall particularly identify the documents

or information that the receiving party contends should be differently designated.  The

parties shall use their best efforts to resolve disputes promptly and informally.

20.     If an agreement regarding a PROTECTED INFORMATION designation

cannot be reached, the receiving party may request that the Court cancel or modify a

PROTECTED INFORMATION designation.  The producing party bears the burden to

demonstrate that the document(s) at issue are properly designated.

13037389.5

21.     The receiving parties will treat all information as they are designated by the producing party until the parties are able to informally resolve the issue or until the Court cancels or modifies the designation.

## LIMITATIONS ON THE USE OF PROTECTED INFORMATION

22.     PROTECTED INFORMATION shall be held in confidence by each person to whom it is disclosed, shall be used only for the purpose of conducting this litigation, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.  All produced PROTECTED INFORMATION shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

23.     Subject to public policy and further court order, nothing shall be filed under seal, and the court shall not be required to take any action, without separate order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

24.     To the extent any party submits to the Court any transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents that have been designated with the appropriate PROTECTED INFORMATION designation or that contain information so designated, that party shall apply to the Court for an Order that the documents be filed under seal.  To the extent that the Court's local rules or procedures require that such documents be filed electronically, such documents shall be filed electronically in a manner that protects the confidentiality of such documents and prevents access to such documents by persons not authorized to access such documents under this Order.  Alternatively, subject to the Court's order, such documents shall be

filed in a sealed envelope or other appropriate sealed container that is labeled with the

title of this matter, an indication of the nature of its contents, the words

"CONFIDENTIAL PROTECTED INFORMATION - UNDER PROTECTIVE

ORDER," and a statement substantially in the following form:

> This envelope contains confidential protected information
>
> filed in this case by (name of party) and is not to be opened
>
> nor the contents thereof to be displayed or revealed except
>
> by order of the Court presiding over this matter.

25.    Nothing in this Order shall prohibit the transmission or communication of

PROTECTED INFORMATION between or among qualified recipients of that

information

    a.    by hand-delivery;

    b.    in sealed envelopes or containers via mail or an established freight,

delivery or messenger service; or

    c    by telephone, telegraph, facsimile or other electronic transmission

system; where, under the circumstances, there is no reasonable likelihood that the

transmission will be intercepted or misused by any person who is not a qualified

recipient.

26.    PROTECTED INFORMATION shall not be copied or otherwise

reproduced by a receiving party, except for transmission to qualified recipients, without

the written permission of the producing party, or, in the alternative, by further order of

the Court.  Nothing herein shall, however, restrict a qualified recipient from making

working copies, abstracts, digests and analyses of PROTECTED INFORMATION for

13037389.5

use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed PROTECTED INFORMATION under the terms of this Order. Any abstract, digest, summary, or analysis that incorporates information designated PROTECTED INFORMATION shall bear the same designation as the original.

27.    Nothing herein shall restrict a qualified recipient from converting or translating PROTECTED INFORMATION into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to PROTECTED INFORMATION, in whatever form stored or reproduced, shall be limited to qualified recipients.

## NONPARTY USE OF THIS PROTECTIVE ORDER

28.    A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate material or information with the appropriate PROTECTED INFORMATION designation pursuant to the terms of this Protective Order.

29.    A nonparty's use of this Protective Order to protect its PROTECTED INFORMATION does not entitle that nonparty access to PROTECTED INFORMATION produced by any party in this case.

## EXPERT DISCOVERY

30.    The draft reports, notes or outlines for draft reports of any testifying expert are exempt from discovery.

31.    Conversations or communications between any testifying or consulting expert, on the one hand, and counsel, that expert's assistants and/or clerical or support staff, or one or more other expert witnesses or non-testifying expert consultants, on the

13037389.5

other hand, shall not be subject to discovery unless the conversations or communications are actually relied upon by such expert or consulting expert in formulating opinions that are presented in reports, declarations, or testimony given under oath in this action.

33.    Any notes or other writings taken or prepared by or for an expert witness in connection with this matter, including correspondence or memos to or from, and notes of conversations with, counsel, that expert's assistants and/or clerical or support staff, or one or more other expert witnesses or non-testifying expert consultants shall not be subject to discovery unless the notes or writings are actually relied upon by such expert or consulting expert in formulating opinions that are presented in reports, declarations, or testimony given under oath in this action.

34.    Draft studies, or preliminary or intermediate calculations prepared by, for or at the direction of an expert witness shall not be subject to discovery unless the draft studies or calculations are actually relied upon by such expert or consulting expert in formulating opinions that are presented in reports, declarations, or testimony given under oath in this action.

35.    No discovery may be taken from any consulting expert who does not testify except with regard to any specific information, opinions, or other materials that the consulting expert has provided to a testifying expert, who then relies on such information, opinions, or other materials in formulating opinions that are presented in reports, declarations, or testimony given under oath in this action.

13037389.5

## MISCELLANEOUS PROVISIONS

36.     Any notice requirement herein may be waived, in whole or in part, but only by a writing signed by the attorney-in-charge for the party against whom such waiver will be effective.

37.     Nothing in this Order shall restrict a party or nonparty from using its own PROTECTED INFORMATION in any manner.

38.     Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted between two parties in this action, each of these parties shall, at its option, either return to the producing party or destroy all physical objects and documents which embody PROTECTED INFORMATION, and shall destroy in whatever form stored or reproduced, all other physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to PROTECTED INFORMATION; provided, that all PROTECTED INFORMATION, not embodied in physical objects and documents, shall remain subject to this Order. Notwithstanding the foregoing, counsel shall be entitled to maintain copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at trial.

39.     This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection or to relax or rescind the restrictions of this Order when convenience or necessity requires.

13037389.5

40.     The United States District Court for the Western District of Wisconsin is responsible for the interpretation and enforcement of this Protective Order.  All disputes concerning PROTECTED INFORMATION produced under the protection of this Protective Order shall be resolved by the United States District Court for the Western District of Wisconsin.

**IT IS SO STIPULATED.**

Dated:  _____

                                        DECHERT LLP


                                        By   /s/Jonathan D. Baker_____
                                             W. BRYAN FARNEY
                                             JONATHAN D. BAKER
                                             Attorneys for Plaintiffs ACER INC. and ACER
                                             AMERICA CORPORATION

Dated:  _____


                                        DLA PIPER US LLP


                                        By   /s/Richard T. Mulloy_____
                                             JOHN ALLCOCK
                                             RICHARD D. MULLOY
                                             Attorneys for Defendant HEWLETT-
                                             PACKARD COMPANY


**IT IS SO ORDERED.**


Dated:  _____

                                        _____
                                        UNITED STATES DISTRICT COURT
                                        MAGISTRATE JUDGE


17                                          13037389.5

## ATTACHMENT A

## <u>CONFIDENTIALITY AGREEMENT</u>

I, _____ , state:

1.      I reside at_____.

2.      My present employer is_____

3.      My present occupation or job description is_____

4.      I have read the Stipulated Protective Order dated _____

and have been engaged as a _____ on behalf of

_____ in the preparation and conduct of litigation

between Acer, Inc., Acer America Corporation and Hewlett-Packard Company.

5.      I am fully familiar with and agree to comply with and be bound by the provisions of said Order.  I understand that I am to retain all copies designated as and/or containing PROTECTED INFORMATION in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any PROTECTED INFORMATION are to be returned to counsel who provided me with such material.

6.      I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order.   I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

7.      I hereby consent to personal jurisdiction and venue in the United States District Court for the Western District of Wisconsin, for the purposes of enforcing said Order.

13037389.5

8.      I state under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct.

Executed on _____

_____

13037389.5